IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 25-CR-00123-DDD-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ISMAEL PETTY,

    Defendant.

---

**ORDER OF DETENTION**

---

    THIS MATTER came before me for an initial appearance on April 16, 2025. The government requested detention in this case. The defendant did not contest the request for detention and consented to the entry of this detention order. I have considered the entire docket.

    In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense proscribed by 18 U.S.C. § 3142(e)(3), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the

community. The defendant has been charged after a probable cause finding with a violation of 18 U.S.C. § 924(c). As a result, the presumption applies. 18 U.S.C. § 3142(e)(3)(B).

The presumption favoring detention can be rebutted; however, even if rebutted, the congressionally mandated presumption remains a factor to consider in assessing whether there is any condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community. *See United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1)   The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2)   the weight of the evidence against the person;
>
> (3)   the history and characteristics of the person including–
>
>> (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B)   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Defendant is charged with Murder in the First Degree and Murder by a Federal Prisoner. If convicted of all charges, he faces life in prison or the death penalty.

I find the rebuttable presumption of the Act has been triggered. Weighing the factors set out in the Bail Reform Act, I find that the defendant has not presented evidence to rebut the presumption and therefore the presumption stands unrebutted. I therefore find by a preponderance of the evidence that defendant is a risk of flight and by clear and convincing evidence that defendant is a danger to the community if released on conditions of bond.

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED: April 16, 2025                BY THE COURT:

*N. Reid Neureiter* (signature)

N. Reid Neureiter
United States Magistrate Judge