```
 1                IN THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF COLORADO

 3   Criminal Action No. 25-cr-00123-CNS-1

 4

 5    UNITED STATES OF AMERICA,

 6           Plaintiff,

 7           vs.

 8    ISHMAEL PETTY,

 9           Defendant.

10   -----------------------------------------------------------

11                        REPORTER'S TRANSCRIPT
                             Motion Hearing
12
     -----------------------------------------------------------
13
          Proceedings before the HONORABLE CHARLOTTE N. SWEENEY, Judge,
14         United States District Court for the District of Colorado,
          commencing on the 18th day of July, 2025, in Courtroom A-702,
15              United States Courthouse, Denver, Colorado.

16                             APPEARANCES

17   For the Plaintiff:
     BRIAN M. DUNN and EDWIN GARRETH WINSTEAD, U.S. Attorney's
18   Office, 1801 California St., Ste. 1600, Denver, CO 80202
     BARRY K. DISNEY, U.S. Department of Justice, 1331 F St. NW,
19   Ste. 6000, Washington, DC 20004

20   For the Defendant:
     PATRICK J. BURKE, PC 303 16th St., Ste. 200, Denver, CO, 80202
21   DAVID G. MAXTED, Maxted Law LLC, 1543 Champa St., Ste. 400,
     Denver, CO 80202
22   JAMIE HUGHES HUBBARD, Stimson LaBranche Hubbard, LLC, 1652
     North Downing St., Denver, CO 80218
23

24

25        Sarah K. Mitchell, RPR, CRR, 901 19th Street, Room A252,
                   Denver, CO 80294, 303-335-2108
              Proceedings reported by mechanical stenography;
                  transcription produced via computer.
```

```
25-cr-00123-CNS-1        Motion Hearing              07/18/2025    2
```

1               *         *         *         *         *
2        (The proceedings commenced at 1:33 p.m.)
3               THE COURT:  We are here in 25-cr-123, United States
4    v. Ishmael Petty.  May I have entries of appearance, please.
5               MR. DUNN:  Good afternoon, Your Honor.  Brian Dunn,
6    Garreth Winstead, and Barry Disney here on behalf of the
7    United States.
8               THE COURT:  All right.  Good afternoon.
9               MR. BURKE:  Good afternoon, Your Honor.  Patrick
10   Burke appearing on behalf of Ishmael Petty who is present in
11   court seated to my right.
12              MR. MAXTED:  And good afternoon, Your Honor.  David
13   Maxted, also on behalf of Mr. Petty.
14              THE COURT:  All right.  Good afternoon.
15              MS. HUBBARD:  And Jamie Hubbard also on behalf of
16   Mr. Petty.
17              THE COURT:  Good to see you all.  As the Government
18   was notified, I'm going to address some ex parte matters.  I'm
19   going to do that first.  Part of that will include a
20   discussion with Mr. Philipsborn.  I don't anticipate this
21   taking longer than 15 minutes.  You never know.  So I'll ask
22   you to step out, and anyone else who should not be in here for
23   ex parte proceedings, I'll ask you to step out.
24              MS. HUBBARD:  And, Your Honor, we would ask that --
25   the people seated over here are part of the defense team.  May

                         Sarah K. Mitchell, RPR, CRR

```
25-cr-00123-CNS-1     Motion Hearing              07/18/2025    3
```

1  they stay in the courtroom?
2           THE COURT: What part of the defense team?
3           MS. HUBBARD: So we have investigators, a mitigation
4  specialist, and Mr. Burke's legal assistant, who is our
5  paralegal on the team.
6           THE COURT: All right. And what are the names of the
7  first two?
8           MS. HUBBARD: Rose Haire is one of our investigators.
9           THE COURT: Okay.
10          MS. HUBBARD: And Ezra Aldern is our mitigation
11 specialist, one of them.
12          THE COURT: Okay. That's fine.
13    (The ex parte portion of the proceedings is
14      contained in a separate transcript.)
15          THE COURT: Notably, that took longer than
16 15 minutes, but, at any rate, here is where we are. Mr. Burke
17 and Mr. Maxted are leaving the case. They will no longer be
18 representing Mr. Petty. New CJA -- well, new learned counsel
19 will be appointed forthwith. I'm going to ask, Ms. Grady, if
20 you can meet with me this afternoon, super. If it needs to be
21 Monday, we'll plan it Monday. I am hoping the gentleman we
22 discussed is still available, and we will make that
23 appointment.
24          New counsel will assess the team, advise the Court
25 who that person wishes to be the second appointed attorney on

                              Sarah K. Mitchell, RPR, CRR

25-cr-00123-CNS-1      Motion Hearing           07/18/2025    4

1  the team.  Provided that's acceptable, I will appoint that
2  attorney as the second attorney on the team.  If that attorney
3  wants Ms. Hubbard to stay on as an expert, meaning research
4  and writer on the team, that is fine with me, although the
5  Tenth Circuit budgeting office may have issues.
6         And, Ms. Hubbard, as the bearer of all bad news
7  today, if you can advise -- and Ms. Grady advise new learned
8  counsel the Tenth Circuit budgeting office would immediately
9  like a budget for this case, and we need to get on that as
10 soon as we have new learned counsel.  So we will all work
11 towards that pretty rapidly, because that apparently they were
12 hoping would have already been done, and it has not been done.
13         So with that, the Government motion for a *Faretta*
14 hearing is denied as moot.  Once learned counsel has been
15 appointed, I will set a status conference in the case for us
16 to get back on track with discovery.  So learned counsel
17 should consult and confer with Mr. Dunn and the Government
18 team, and let me make sure Mr. Dunn is listening.
19         Are you listening, Mr. Dunn?
20         MR. DUNN:  I am.
21         THE COURT:  All right.  Because when new learned
22 counsel is on board, I want you all to confer, because we're
23 going to have a status conference as to how to get discovery
24 back on track and rather rapidly.  So I will give learned
25 counsel, of course, time to get up to speed.  I'm not going to

                    Sarah K. Mitchell, RPR, CRR

```
25-cr-00123-CNS-1        Motion Hearing              07/18/2025    5
```

1   push them that fast, but I do want us to have a status
2   conference so we can reassess where we're at and what needs to
3   happen.
4              With that, did you have a question, Mr. Dunn?  I saw
5   the two of you chatting.
6              MR. DUNN:  What I was asking, Your Honor, is I was
7   trying to rack my brain to figure out if there's any pending
8   motions or anything being held in abeyance.
9              THE COURT:  I think I have ruled on them all that are
10  pending with me.
11             Evan, can you confirm that?  Yes.  I have an
12  affirmative nod.
13             So, again, new learned counsel will be appointed.
14  There's no need for a *Faretta* hearing, and we will move
15  forward in that direction.
16             MR. DUNN:  So I think right now the motion to declare
17  the case complex has been granted, and obviously I'm just
18  trying to figure out speedy trial, Your Honor, if it begins at
19  this time.
20             THE COURT:  It would, in fact, and one of the tasks
21  that was to be undertaken shortly before all of this -- we
22  went down this road was to confer about the appropriate EOJ to
23  be filed in that regard, so that would be number one on the
24  list when learned counsel is appointed.
25             MR. DUNN:  Okay.  Thank you, Your Honor.

                              Sarah K. Mitchell, RPR, CRR

25-cr-00123-CNS-1     Motion Hearing              07/18/2025    6

1              THE COURT:  All right.  With that, we will be in
2     recess.
3              MS. HUBBARD:  Your Honor, apologies.  At the last
4     couple of hearings, because this issue was outstanding as well
5     when the counsel issue came up, the Court has extended the
6     order requiring the Bureau of Prisons to keep preserving
7     video, so I would ask that that just keeps being done in the
8     interim.
9              THE COURT:  That is fine.  That request will be
10    granted.
11             MS. HUBBARD:  And then the other thing, and I meant
12    to do this before the Government was here, but I don't think
13    there's any problem with them hearing it, is that last time we
14    had the ex parte you advised the people transporting Mr. Petty
15    that they're not to discuss that.  Would you mind doing that
16    again?
17             THE COURT:  I will do it again, and I should have
18    done that, and I will try to do it each and every time,
19    because I'm not always sure if you're all the same who will be
20    transporting him.  Any communications that occur in this
21    courtroom, particularly those that are ex parte, are to be
22    held in the strict most confidence and not shared with
23    anybody, not discussed among yourselves.  That is a direct
24    order of the Court.  If I hear even word one that that has
25    been violated, there will be a severe penalty.  So this is

                    Sarah K. Mitchell, RPR, CRR

| | |
|---|---|
| | 25-cr-00123-CNS-1        Motion Hearing                07/18/2025    7 |
| 1 | extremely serious that you all are sitting in on the most |
| 2 | confidential and personal communications a person can have, |
| 3 | those with his attorney.  So I trust that you all know that, |
| 4 | but I will continue to remind you. |
| 5 |         All right.  We'll be in recess. |
| 6 |         THE COURTROOM DEPUTY:  All rise.  Court is in recess. |
| 7 |    (The proceedings were concluded at 2:34 p.m.) |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| |              Sarah K. Mitchell, RPR, CRR |

1           REPORTER'S CERTIFICATE

2

3           I, SARAH K. MITCHELL, Official Court Reporter for the

4   United States District Court for the District of Colorado, a

5   Registered Professional Reporter and Certified Realtime

6   Reporter, do hereby certify that I reported by machine

7   shorthand the proceedings contained herein at the time and

8   place aforementioned and that the foregoing pages constitute a

9   full, true and correct transcript.

10          Dated this 19th day of August, 2025.

11

12

13

14          /s/ Sarah K. Mitchell

15          SARAH K. MITCHELL
            Official Court Reporter
16          Registered Professional Reporter
            Certified Realtime Reporter
17

18

19

20

21

22

23

24

25

                    Sarah K. Mitchell, RPR, CRR