IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 25-cr-123-CNS

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

ISHMAEL PETTY,
      Defendant.

## GOVERNMENT'S MOTION FOR PROTECTIVE ORDER TO MAINTAIN CONFIDENTIALITY OF FEDERAL BUREAU OF PRISON'S FILES PRODUCED FOR DISCOVERY

Comes Now, the United States, by and through the undersigned counsel, and requests the Court to enter a protective order regarding discovery which the government is willing to provide on the condition that it be subject to the proposed protective order described below. The proposed order would designate certain discovery to be viewed by defense counsel only unless agreed upon by the parties or otherwise ordered by the Court. The government has consulted with counsel for the defendant who does not oppose this motion.

### I.      Procedural history

The defendant is charged in a two-count Indictment with murder within the special territorial jurisdiction of the United States, (18 U.S.C. § 1111) and murder by a federal prisoner (18 U.S.C. § 1118). The Indictment includes special findings as to matters which may be asserted in support of the death penalty and on April 9, 2025, the Government filed a Notice of Intent to Seek the Death Penalty. ECF 7. The crimes charged in the Indictment are alleged to have occurred at the United States Penitentiary, Administrative Maximum

Facility ("ADX") in Florence Colorado. The alleged victim was a BOP inmate.

## II.      Court's authority to order a protective agreement for discovery

The Federal Rules of Criminal Procedure Rule 16(d)(1) provides the Court with the authority to enter into a protective order, stating in part, "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Protecting the records referenced herein is amply supported by the necessity of ensuring the security of federal prison facilities.

## III.      The Defense Discovery Request

Counsel for the defendant requested via letter (dated April 15, 2026) access to a variety of discovery. The government is working diligently to gather the information necessary to respond to the defense request. While the government will oppose some of the discovery requests, it is willing to voluntarily provide some material.

## IV.      Government's request for a protective order

All of the material the government is willing to provide is sensitive in nature. However, some material is of such a sensitive nature that the information contained therein could create a danger to BOP staff and other inmates if they are disclosed to the defendant or other inmates. Accordingly, the government is only agreeable to voluntarily provide this highly sensitive material to defense counsel under the condition that the same is not shown to the defendant or other inmate.

The government and defense counsel have agreed that any discovery provided pursuant to the defendant's April 15, 2026 request that is marked "Attorney Eyes Only" be subject to the proposed protective order allowing viewing of the discovery only by defense

counsel. The government respectfully requests that if, after review of the "Attorney Eyes Only" material defense counsel determines that there is exculpatory or relevant information therein that defense counsel would be prevented from fully investigating if they are not allowed to discuss and/or disclose the information with their client, that defense counsel be required to first consult with the government to determine if a resolution can be reached. If no resolution is reached, the defense counsel will file a motion to modify the protective order with respect to said material. In the event of the filing of such a motion by defense counsel, the government respectfully requests that the Court then make an in-camera review of the identified material to determine if such disclosure is warranted after allowing the government an opportunity to respond.

Wherefore, the below signed counsel respectfully requests the Court to grant its motion for protective Order.

Respectfully Submitted,

PETER MCNEILLY
United States Attorney

/s/ Barry K. Disney
BARRY K. DISNEY
Trial Attorney
Department of Justice
1301 New York Avenue, NW., 5th floor
Washington, DC 20530
Telephone (202) 924-4861
E-mail: barry.disney@usdoj.gov
Attorney for the Government

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 25-cr-123-CNS

UNITED STATES OF AMERICA,

       Plaintiff,

   v.

ISHMAEL PETTY,
       Defendant

## **PROTECTIVE ORDER**

Having reviewed the United States of America's Motion for Protective Order to Maintain Confidentiality of Federal Bureau of Prison's Files Produced for Discovery, the Court is of the opinion that the motion should be GRANTED and orders as follows:

1. Certain material from the Federal Bureau of Prisons (BOP) responsive to Defendant's April 15, 2026 discovery request is being disclosed to Defendant's counsel. Some of the information contained in the material relates to the security of BOP facilities and other information contains sensitive information on other inmates. Disclosure of that information to the defendant or other inmates could compromise security at ADX and/or other BOP facilities, as well as endanger the safety of inmates and staff. The Court therefore imposes the following protections on the material.

2. Any discovery that the government produces in response to Defendant's April 15, 2026 request that it reasonably believes contains information relating to the security of BOP facilities or other sensitive information on other inmates shall be marked by the government with an identifying mark clearly labeling it

4

as "ATTORNEY'S EYES ONLY" in addition to any other markings normally used in the discovery process. Any material so marked and provided to defense counsel may be disseminated only to the defense team (identified for purposes of this protective order as defense counsel, their appointed investigator and any hired expert witness or consultant). Dissemination of the information to anyone else is prohibited.

3. The defendant and other inmates shall not have access to this material nor shall the information contained therein be shared with them. In no event shall the defendant or other inmate receive copies of the subject material.

4. Any material produced pursuant to this order and all information contained therein shall be embargoed so that it may be used only for purposes of the defense of the defendant in the present case. No material produced pursuant to this order, and no information contained therein shall be disclosed outside of these proceedings.

5. In the event defense counsel desires to have an expert witness or consultant review the discovery produced pursuant to this agreement, said expert shall also be subject to the restrictions listed in the instant order and defense counsel shall advise the expert of this order.   If any report prepared by such an expert in accordance with Fed. R. Crim. P. 16(b)(1)(C) contains or refers to information contained in the discovery, the report shall refer to the instant order and be filed under seal.

6. In the event a party seeks to introduce testimony describing the contents of the discovery produced pursuant to this agreement, or any part of the

discovery produced pursuant to this agreement, or any part of the documents themselves, the evidence, if admitted, will be admitted under seal. The courtroom will remain open to the public during that testimony. However, before the transcript becomes publicly available, the parties will file a joint statement identifying the portions of the transcript that should be redacted along with a proposed order directing the Clerk to make the redactions.

7. If counsel for the defendant believes they cannot adequately prepare a defense without disclosing the information to their client, counsel shall file a motion to modify the protective order identifying the specific information they wish to disclose. The Court shall make an in-camera review of the requested material to determine if such disclosure is warranted.

8. In the event the government produces duplicate discovery of a material both before and after this protective order is issued then this protective order shall not apply to that material.

9. This Order shall continue in effect after the conclusion of these proceedings.

**IT IS SO ORDERED this the _____ day of _____, 2026.**


_____
**CHARLOTTE N. SWEENEY**
**UNITED STATES DISTRICT JUDGE**

6